**Opinion filed October 19, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00093-CR

_____

## FRANKLIN LEE RAY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR39139**

## M E M O R A N D U M   O P I N I O N

The jury originally found Appellant, Franklin Lee Ray, guilty of one count of burglary of a habitation with intent to commit assault. The trial court assessed his punishment at confinement for ten years and a $2,500 fine, suspended the sentence, and placed Appellant on community supervision for seven years. The State subsequently filed a motion to revoke community supervision, and the trial court modified the terms of Appellant's community supervision. The State later filed

another motion to revoke community supervision. At the revocation hearing, Appellant pleaded true to all three of the State's allegations in the motion to revoke. The trial court found the second and third allegations to be true and revoked Appellant's community supervision. The trial court imposed the original sentence of confinement for ten years and ordered Appellant to pay the unpaid balance of the $2,500 fine. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the reporter's record, and a motion to file in this court to obtain a copy of the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Despite having requested and received extensions of time to file a pro se response, Appellant has not filed one.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community

supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

October 19, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.